## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANAGEMENT RECRUITERS INTERNATIONAL, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>JAMES HENDERSON JR. and INSIGHT HIRING SYSTEMS LLC )<br><br>Defendants. ) | Civil Action No. _____ |

MANAGEMENT RECRUITERS
INTERNATIONAL, INC.,

          Plaintiff,

          v.

JAMES HENDERSON JR. and
INSIGHT HIRING SYSTEMS LLC

          Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiff Management Recruiter International, Inc. ("MRI"), by its attorneys, brings this complaint seeking injunctive relief and damages against Defendants James Henderson Jr. ("Henderson")  and Insight Hiring Systems LLC (collectively "Defendants"), and alleges, on personal knowledge as to its own activities, and information and belief as to the activities of others, as follows:

1.     This is an action for trademark infringement of MRI's federally registered trademarks in violation of 15 U.S.C. § 1114 and unfair competition in the nature of trademark infringement in violation of 15 U.S.C. § 1125(a).

## PARTIES

2.     MRI is a corporation organized and existing under the laws of Delaware, having an address of 1717 Arch St., 35th Floor, Philadelphia, Pennsylvania 19103.

3.     Defendant James Henderson Jr. is an individual and sole member of Insight Hiring Systems LLC having an address of 2105 Covered Bridge Ct, Raleigh, North Carolina 27614.

4.     Defendant Insight Hiring Systems LLC is a limited liability company organized and existing under the laws of North Carolina, having an address of 6817 Falls of Neuese Rd, Suite 103, Raleigh, North Carolina 27615.

## JURISDICTION AND VENUE

5.     This is an action for trademark infringement and unfair competition arising under the *Lanham Act*, 15 U.S.C. §§ 1051, *et seq*.

6.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § 1331, 1332, and 1338.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because events giving rise to the claims asserted in this Complaint occurred in this District. Defendants do business in this District under the mark in issue.

## FACTUAL BACKGROUND

8.     MRI is and has been engaged in employment staffing and consulting services, and has built a successful business in connection therewith.

9.     MRI, itself and through its related companies (collectively "MRI") has provided employment staffing and consulting services in a wide range of industries including but not limited to: financial services; information technology; operations management; and human resources.

10.     The nature and extent of MRI's business may be seen at the website www.mrinetwork.com

11.     MRI has used "MRI" as a mark and name and as the dominant component of marks and names extensively in connection with its services and business since at least as early as 1968, with the result that the relevant public and trade have come to know and recognize the "MRI" marks and names and to associate such marks and names with MRI in connection with its employment staffing and consulting services.

12.     MRI has taken steps to protect its "MRI" marks and is the owner of U.S. Trademark Registrations Nos. 2,014,763 for MRI; 2,817,676 for MRI; 3,115,292 for MRI CONTRACT STAFFING; 4,118,010 for MRI CONTRACT STAFFING; 3,286,712 for MRINETWORK; and 3,453,398 for MRINETWORK WAY. These registrations are valid, subsisting, and incontestable. A copy of the pertinent information about each of such registrations from the U.S. Patent and Trademark Office (PTO) database showing status and title is attached as Exhibit A.

13.     MRI's related companies use the "MRI" marks and names pursuant to license and under the direction and control of MRI and promote their affiliation with MRI as one of the world's largest and most successful employment staffing and consulting organizations.

14.     The "MRI" marks and names are inherently distinctive as applied to the services MRI renders under such marks and the business MRI conducts under such names.

15.     The "MRI" marks and names have acquired commercial strength by virtue of the nature and extent of the use of such marks and names in connection with the services and business of MRI.

16.     At all times relevant to this Complaint, Defendant Insight Hiring LLC has been under the direction and control of Defendant James Henderson Jr. as its sole member.

17.     Defendants have since not earlier than January 5, 2010 used HIRING MRI as a mark in connection with employment staffing consultation services and providing on-line employment information in the field of an assessment used to help with the hiring process in Raleigh, North Carolina and elsewhere in commerce.

18.     The services offered and rendered by Defendants under the HIRING MRI mark are closely related to, if not overlapping with, services rendered by MRI under the "MRI" marks.

19.     Defendants' use of the HIRING MRI mark is through trade channels that overlap with MRI's trade channels.

20.     Defendants' services offered and rendered under the HIRING MRI mark are directed to classes of customers that overlap with the classes of customers for MRI's services.

21.     Defendants' services offered and rendered under the HIRING MRI mark are promoted through promotional channels that overlap with MRI's promotional channels.

22.     The concurrent use of the parties' marks in connection with their respective services and businesses is likely to cause confusion as to the source of the services, and as to the affiliation of the companies, or sponsorship of Defendants' services by MRI.

23.     The HIRING MRI mark as used by Defendants incorporates the entirety of the "MRI" mark and name used by MRI. The addition of "HIRING" does nothing to obviate the close similarity between the parties' marks because such addition simply describes the nature or field of the services provided by both parties. The distinctive component of each party's mark, "MRI", is identical.

24.     Defendants are not licensed or authorized by MRI to use MRI as a mark or as the dominant component of any marks or names for employment staffing consultation services or

providing on-line employment information in the field of an assessment used to help with the hiring process.

25.     MRI, on becoming aware of Defendant James Henderson Jr.'s application for registration of HIRING MRI as a mark for employment staffing consultation services and providing on-line employment information in the field of an assessment used to help with the hiring process, filed April 3, 2017 in the PTO wrote Henderson on June 26, 2017 and requested that he expressly abandon the trademark application and cease use of HIRING MRI as a mark. Henderson did not respond to this letter or to a second communication sent July 30, 2017. *See* attached Exhibit B.

26.     A non-final Office action was issued by the PTO to Henderson on June 6, 2017 refusing registration of the HIRING MRI mark based on a likelihood of confusion with several of MRI's previously registered marks and requiring a disclaimer of the exclusive right to use the term "HIRING" because it is merely descriptive. *See* attached Exhibit C.

27.     Defendants continue to use HIRING MRI as a mark for employment staffing consultation services and providing on-line employment information in the field of an assessment used to help with the hiring process.

## COUNT I: TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

28.     The allegations of the proceeding paragraphs of the Complaint are incorporated herein by reference.

29.     The use of HIRING MRI by Defendants is use of a mark which is likely to cause confusion with MRI's registered trademarks and is likely to cause mistake as to the source of the services and as to Defendants' affiliation with or sponsorship by MRI.

30.     The continued use of HIRING MRI with "MRI" as the dominant element of Defendants' mark is willful and undertaken and continued in bad faith.

31.     Members of the relevant public and trade are likely on seeing the HIRING MRI mark as used by Defendants for employment staffing consultation services and providing on-line employment information in the field of an assessment used to help with the hiring process to believe in error that the services are rendered by or under license from or in affiliation with MRI.

32.     Use of the HIRING MRI mark violates MRI's rights in its registered "MRI" marks.

33.     MRI cannot control the nature and quality of services rendered by Defendants under the HIRING MRI mark and the continued use of such mark irreparably damages MRI and the goodwill MRI has established for its registered marks.

34.     MRI has no adequate remedy at law.

## COUNT II: UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

33.     The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

35.     The use of HIRING MRI by Defendants as a mark and name is likely to cause confusion with the MRI marks and names and is likely to cause mistake as to the source of the services and as to Defendants' affiliation with or sponsorship by MRI.

36.     The use of HIRING MRI by Defendants is use of a mark which is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with MRI, or as to the origin, sponsorship, or approval of Defendants' services by MRI.

6

37.     Defendants' use of HIRING MRI for employment staffing consultation services and providing on-line employment information in the field of an assessment used to help with the hiring process is in bad faith, willful and intentional.

38.     MRI has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, MRI respectfully requests that this Court:

39.     Enter judgment in its favor and against Defendants on the Complaint;

40.     Permanently enjoin and restrain Defendants, their agents, employees, and all other persons in active concert or participation with Defendants and that receive actual notice of this injunction from:

      a.     Use of HIRING MRI as a mark and name, and any mark or name which contains or comprises "MRI" for employment agency services and any related services including employment staffing consultation services and providing on-line employment information in the field of an assessment used to help with the hiring process;

      b.     Use of HIRING MRI as a mark and name, and any mark or name which contains or comprises "MRI" for employment staffing consultation services and providing on-line employment information in the field of an assessment used to help with the hiring process in connection with any online activity or social media accounts, and to take immediate steps to render such social media accounts inaccessible to the public; and

      c.     Engaging in any other conduct that causes, or is likely to cause, confusion, mistake, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of its services with MRI, MRI's goods or services or business, or the "MRI" marks and names;

41.     Order an accounting against Defendants for all profits received from the sale of services, directly or indirectly, in connection with, advertised, or promoted in any manner, by use of the HIRING MRI mark ;

42.     Award MRI its attorneys' fees, costs, and disbursements pursuant to 15 U.S.C. § 1117; and

43. Grant such further relief as this Court deems just and appropriate.


Respectfully submitted, this the 11th day of December, 2017.

Eckert Seamans Cherin & Mellot, LLC

By:   s/ Elizabeth Gallard
      Elizabeth Gallard, Esquire
      egallard@eckertseamans.com
      PA ID No. 63258

      Jenna Torres, Esquire
      jtorres@eckertseamans.com
      PA ID No. 318968

      Two Liberty Place
      50 South 16th Street, 22nd Floor
      Philadelphia, PA  19102
      (215) 851-8418

      Attorneys for Management Recruiters International, Inc.